IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMANCIO REYES-CRUZ,                                                      ORDER

                                   Petitioner,                    11-cv-465-bbc

          v.

RANDALL HEPP, Warden
Jackson Correctional Institution,[1]

                         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Amancio Reyes-Cruz, an inmate at the Jackson Correctional Institution, has filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion for appointment

of counsel.  He has paid the $5 filing fee.  The petition is before the court for preliminary

review under Rule 4 of the Rules Governing Section 2254 Cases.

The subject of the petition is petitioner's May 2009 conviction in the Circuit Court

for Brown County on one count of second-degree sexual assault with a threat of force in

violation of Wis. Stat. § 940.225(2)(a).  After a jury trial, petitioner was found guilty of

sexually assaulting his former girlfriend at her home.

---

[1] Petitioner listed the State of Wisconsin as the respondent in this action.  However,
the proper respondent is Randall Hepp, petitioner's custodian.  I have amended the caption
accordingly.

1

Petitioner moved for post conviction relief, claiming that his counsel was ineffective for failing to supplement his expert witness's report, resulting in the trial court's exclusion of some of the expert's proffered testimony.  In an opinion issued January 4, 2011, the Wisconsin Court of Appeals rejected petitioner's argument and affirmed the conviction, concluding that plaintiff had failed to establish prejudice from his counsel's error.  State v. Reyes-Cruz, 2011 WI App 27, 2011 WL 9400 (Ct. App. Jan, 4, 2011) (unpublished).  The Wisconsin Supreme Court denied petitioner's request for review on May 24, 2011.

In his petition, petitioner contends that his conviction is unconstitutional because his counsel was ineffective for (1) failing to obtain the victim's medical records that would have shown that the injuries she suffered were caused by a pervious surgery and not by petitioner; (2) prohibiting petitioner from testifying on his own behalf; (3) failing to comply with trial rules and preventing witnesses, including the expert, from testifying at trial; and (4) discriminating against petitioner on the basis of his national origin.

Some of petitioner's grounds for relief are supported by factual allegations while others have few, if any, supporting facts that would support a conclusion that his detention is in violation of the laws, Constitution or treaties of the United States.  Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003) (petition must cross "some threshold of plausibility" before state will be required to answer).  The greater problem is that petitioner has failed to exhaust all of his claims in state court.

2

Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).  When the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default."  Perruquet, 390 F.3d at 514.  The procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so."  O'Sullivan, 526 U.S. at 854 (Stevens, J., dissenting).  Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment.  Perruquet, 390 F.3d at 514 ; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001).

If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) existence of cause for the default

3

and actual prejudice from failing to raise the claim as required or (2) enforcement of the default would lead to a "'fundamental miscarriage of justice.'"  Steward v. Gilmore, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

A review of the state court of appeals' decision indicates that on appeal, petitioner presented only his claim that counsel failed to supplement the expert witness's report, resulting in the trial court's exclusion of some of the expert's proffered testimony.  The court addressed the claim on the merits and petitioner sought review by the state supreme court.  Therefore, this claim has been exhausted.

As for his remaining claims, petitioner has procedurally defaulted them because he failed to present them to the state courts on direct appeal from his conviction.  Petitioner asserts that he did not raise these claims because his appellate counsel "did not want this case [to] look like a personal interest," and it is true that ineffective assistance of counsel can establish "cause" for a procedural default.  However, in Edwards v. Carpenter, 529 U.S. 446 (2000), the Supreme Court held that because the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is itself a constitutional claim, the petitioner must have raised this claim first to the state court to avoid procedural default.  Id. at 452-53.  It appears that petitioner never presented a claim of ineffective assistance of appellate counsel to the state courts.

Thus, the question is whether petitioner still may exhaust his claims by presenting the

4

claim of ineffective assistance of counsel to the state courts.  28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"). Wisconsin's statute governing post conviction motions, Wis. Stat. § 974.06, allows defendants to attack their convictions collaterally on constitutional grounds after expiration of the time for seeking a direct appeal or other post conviction remedy. Although a petitioner is procedurally barred from raising a claim in a post conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal, State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994); Wis. Stat. § 974.06(4), ineffective assistance of post conviction or appellate counsel may provide a sufficient reason.  State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996) (describing procedure for challenging effectiveness of postconviction counsel); State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel).  Thus, there are avenues of relief available to petitioner in the state courts through which he could present his claim that his lawyer was ineffective for failing to raise his additional claims on appeal.  The fact that the state courts are not likely to rule in petitioner's favor does not relieve petitioner of the requirement to exhaust his claims.  Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995); White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993).

Rose v. Lundy, 455 U.S. 509 (1982), instructs federal district courts to dismiss a petition like petitioner's that presents a mix of exhausted and unexhausted claims. Id. at 510. Alternatively, the petitioner may choose to amend his petition by deleting the unexhausted claims and then proceed solely on the exhausted claim. Id. at 520. Before dismissing the petition, I will give petitioner the opportunity to decide whether he prefers to abandon his unexhausted claims of ineffective assistance of trial counsel and proceed solely on the one claim that has been exhausted, namely, his claim that trial counsel failed to supplement its expert report.

In deciding which course of action to pursue, petitioner should consider the following: If he decides to give up his unexhausted claims and present only the one that he has already exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a subsequent federal habeas petition after he has exhausted them. Lundy, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ). Petitioner should consider also that his chances of success on his unexhausted claims are slim unless he can support his conclusory allegations of ineffective assistance of trial counsel with specific facts that actually establish prejudice, as required under Strickland v. Washington, 466 U.S. 668 (1984). Strickland holds that an error by counsel, even if professionally unreasonable, does

not warrant setting aside a  criminal judgment if the error had no effect on the judgment. Id. at 691.

Finally, I will deny plaintiff's motion for appointment of counsel.  Under 18 U.S.C. § 3006A(2)(B), a district court may appoint counsel to represent an indigent petitioner seeking relief under § 2254 if the court determines that "the interests of justice so require." At this stage, it is not clear that whether petitioner will be proceeding with his petition. Additionally, even if petitioner decides to proceed with his exhausted claim, I cannot conclude that petitioner requires legal assistance in presenting it.  If it turns out later that petitioner is unable to understand and respond to the state's arguments in opposition to his petition, he may renew his motion for appointment of counsel at that time.

ORDER

IT IS ORDERED that

1.  Petitioner Amancio Reyes-Cruz has until August 5, 2011 to advise the court whether he wishes to pursue his unexhausted claims in state court or whether he prefers to amend his petition to delete the unexhausted claims and proceed solely on the exhausted claim.  If petitioner chooses to pursue his unexhausted claims in state court, or if he does not report his choice by the deadline, his petition will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to Rose v. Lundy.  If petitioner chooses

7

to proceed, then the state will be ordered to respond to petitioner's claim that his trial was

ineffective for failing to supplement his expert report.

2.  Petitioner's motion for appointment of counsel, dkt. #3, is DENIED without

prejudice.

Entered this 27ᵗʰ day of July, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

8